# Unreported Opinion Cited in Answering Brief of Appellee The IT Litigation Trust

Westlaw.

--- B.R. ----                                                              Page 1

--- B.R. ----, 2005 WL 1667383
(Cite as: --- B.R. ----)

--- B.R. ----, 2005 WL 1667383
Only the Westlaw citation is currently available.
United States Bankruptcy Appellate Panel of the First Circuit.
Jon SHEPARD and Annmarie Shepard, Debtors.
Mountain Peaks Financial Services, Inc., Appellant,
v.
Jon Shepard and Annmarie Shepard, Appellees.
**No. BAP MB 04-055, BANKR 04-11090WCH.**

June 2, 2005.

**Background:** Orders were entered by the United States Bankruptcy Court for the District of Massachusetts, William C. Hillman, J., overruling creditor's objection to confirmation of debtors' proposed Chapter 13 plan and granting debtors' motion to avoid creditor's judicial lien. Creditor appealed.

**Holdings:** The Bankruptcy Appellate Panel, Votolato, J., held that:

(1) creditor waived any argument as to propriety of bankruptcy court's lien avoidance order by failing to address order in its brief; and

(2) creditor's failure to appeal plan confirmation order made that order res judicata, and rendered moot any arguments regarding feasibility of plan.

Affirmed.

**[1] Bankruptcy 51 ⇌3774.1**
51k3774.1 Most Cited Cases
Timely filing of notice of appeal was mandatory and jurisdictional, and where creditor failed to timely file notice of appeal from plan confirmation order, the Bankruptcy Appellate Panel (BAP) had no jurisdiction to review that order.

**[2] Bankruptcy 51 ⇌3763**
51k3763 Most Cited Cases
Bankruptcy Appellate Panel (BAP) is duty-bound to determine its jurisdiction before proceeding to merits, even if no jurisdictional objections are raised by litigants.

**[3] Bankruptcy 51 ⇌3767**
51k3767 Most Cited Cases
Bankruptcy court's lien avoidance order was final order, from which appeal would lie. 28 U.S.C.A. § 158(a)(1).

**[4] Bankruptcy 51 ⇌3782**
51k3782 Most Cited Cases

**Bankruptcy 51 ⇌3786**
51k3786 Most Cited Cases
Appellate courts reviewing appeals from bankruptcy court generally apply clearly erroneous standard to findings of fact and de novo review to conclusions of law. Fed.Rules Bankr.Proc.Rule 8013, 11 U.S.C.A.

**[5] Bankruptcy 51 ⇌3783**
51k3783 Most Cited Cases
On appeal, burden is on appellant to establish that bankruptcy court's judgment should be reversed.

**[6] Bankruptcy 51 ⇌3783**
51k3783 Most Cited Cases

**Bankruptcy 51 ⇌3788**
51k3788 Most Cited Cases
On appeal in bankruptcy case, appellant bears heavy burden of showing that bankruptcy court's evidentiary rulings were manifestly erroneous, and even then, reversal is warranted only when affirmance would be inconsistent with substantial justice.

**[7] Bankruptcy 51 ⇌3771**
51k3771 Most Cited Cases
Creditor waived any argument as to propriety of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----                                                                                                               Page 2

--- B.R. ----, 2005 WL 1667383
(Cite as: --- B.R. ----)

bankruptcy court's lien avoidance order by failing to address order in its brief and by arguing only as to feasibility of plan and whether it should have been confirmed.

[8] **Bankruptcy 51** ☞3777
51k3777 Most Cited Cases
Bankruptcy Appellate Panel (BAP) could not review bankruptcy court's findings or rulings relating to lien avoidance issue, without transcript of relevant proceedings below.

[9] **Bankruptcy 51** ☞3715(10)
51k3715(10) Most Cited Cases
Creditor's failure to appeal Chapter 13 plan confirmation order made that order res judicata, and rendered moot any arguments regarding feasibility of plan. Bankr.Code, 11 U.S.C.A. § 1327(a).

[10] **Bankruptcy 51** ☞3715(10)
51k3715(10) Most Cited Cases
Provisions of confirmed Chapter 13 plan bind debtor and *each* creditor. Bankr.Code, 11 U.S.C.A. § 1327(a).

[11] **Bankruptcy 51** ☞3715(10)
51k3715(10) Most Cited Cases
Chapter 13 plan confirmation order is final order, with res judicata effect, and is imbued with strong policy favoring finality. Bankr.Code, 11 U.S.C.A. § 1327(a).

Appeal from the United States Bankruptcy Court for the District of Massachusetts. (Hon. William C. Hillman , U.S. Bankruptcy Judge).

Richard W. Gannett, Esq., on brief for Appellant.
Nina M. Parker, Esq. , and Jenny L. Yandell, Esq., on brief for Appellees.

Before LAMOUTTE , VOTOLATO & HAINES, U.S. Bankruptcy Appellate Panel Judges.

VOTOLATO , Bankruptcy Appellate Panel Judge.
*1 Creditor, Mountain Peaks Financial Services, Inc. ("Mountain Peaks"), filed a notice of appeal seeking review of the bankruptcy court's September 9, 2004 orders (1) overruling its objection to confirmation of the Chapter 13 Plan, and (2) granting the Debtors' motion to avoid Mountain Peaks' judicial lien, and the October 27, 2004 order denying Mountain Peak's motion for reconsideration. For the reasons set forth below, the orders of the bankruptcy court are affirmed.

BACKGROUND

Jon and Annmarie Shepard (the "Debtors") own real property at 79 Marion Street, Wilmington, Massachusetts (the "Property"). In 1998, pursuant to Mass. Gen. Laws Ann. ch. 188, § 1, the Debtors recorded a Declaration of Homestead with respect to the Property.

In February, 2004, the Debtors filed a Chapter 13 petition, and shortly thereafter the Debtors filed their schedules and Chapter 13 plan. At the time of the bankruptcy filing the Property was subject to a first mortgage in the amount of $188,525 held by Washington Mutual Bank, a second mortgage in the amount of $38,363 held by Champion Mortgage Co., and a Writ of Execution in the amount of $60,410 issued to Mountain Peaks by the Woburn District Court in December 2000.

In April, 2004, the Debtors filed a motion to avoid Mountain Peaks' judicial lien on the Property. In addition, after several creditors, including Washington Mutual Bank and Champion Mortgage Co ., objected to confirmation of the Debtors' Chapter 13 Plan, the bankruptcy court ordered the Debtors to amend their plan, which they did by filing their First Amended Plan in May, 2004, and in June, Mountain Peaks filed its objection to confirmation of the Debtors' First Amended Plan.

After a hearing on September 9, 2004, the bankruptcy court entered orders: (1) overruling Mountain Peak's objection to confirmation of the Amended Plan, and (2) granting the Debtors' motion to avoid Mountain Peaks' judicial lien. On September 20, 2004, Mountain Peaks filed a motion for reconsideration of both orders, which the bankruptcy court denied on October 27, 2004. Mountain Peaks filed a timely notice of appeal of all three orders. Thereafter, Mountain Peaks filed its

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----    Page 3

--- B.R. ----, 2005 WL 1667383
**(Cite as: --- B.R. ----)**

Designation of Record on Appeal and Statement of Issues To Be Presented. The Appellees moved to strike certain items identified in the Designation of Record and Statement of Issues, and on January 7, 2005, the Panel entered an order striking many of the items designated by Mountain Peaks, leaving very little in the way of an appellate record. The Panel denied, however, the Debtors' request to strike certain issues identified by Mountain Peaks in its Statement of Issues, saying: "The question of whether these issues are properly part of this appeal is more appropriately left to the parties to address in their briefs."

[1] While the foregoing proceedings were going on, the Panel entered an order dated December 20, 2004 dismissing, as interlocutory, the portion of the appeal pertaining to Mountain Peaks' objection to confirmation of the Debtors' plan. FN1 Therefore, the only issues remaining on appeal are those relating to the lien avoidance order. FN2

JURISDICTION

*2 [2] [3] A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (B.A.P. 1st Cir.1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). An interlocutory order " 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.' " *Id.* (quoting *In re American Colonial Broad, Corp.,* 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.,* 226 B.R. 724 (B.A.P. 1st Cir.1998). A bankruptcy court's lien avoidance order is a final order. *See Bruin Portfolio, LLC v. Leicht (In re Leicht),* 222 B.R. 670 (B.A.P. 1st Cir.1998) (citations omitted); *see also Peoples Heritage Bank, N.A. v. Hart (In re Hart),* 282 B.R. 70, 73 (B.A.P. 1st Cir.2002).

STANDARD OF REVIEW

[4] Appellate courts reviewing appeals from the bankruptcy court generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719-20 n. 8 (1st Cir.1994).

DISCUSSION

I. Appellant's Burden on Appeal

[5] [6] On appeal, the burden is on the appellant to establish that the bankruptcy court judgment should be reversed, *see Espiefs v. Settle,* 14 B.R. 280, 283 (D.N.H.1981), and an appellant bears the heavy burden of showing that evidentiary rulings were manifestly erroneous. *See Nora Beverages, Inc. v. The Perrier Group of Am.,* 269 F.3d 114, 125 (2d Cir.2001) (citations omitted). Even then, reversal is warranted only where affirmance would be inconsistent with substantial justice. *Id.*

On March 15, 2005, after obtaining a one-month extension, Mountain Peaks filed a four-page brief with the Panel. Under the caption "Statement of Issues Presented," Mountain Peaks identified the sole issue on appeal to be "[w]hether the United States Bankruptcy Court erred in confirming a Chapter 13 Debtors' Plan without evidence of its feasability." Moreover, the one-page argument section of Mountain Peaks' brief focused solely on the feasability of the Debtors' plan, and the only relief requested was that the Panel "Vacate Confirmation of the Debtors' Plan." Mountain Peaks failed to address in any substantive way the lien avoidance issue, which happens to be the only issue properly before the Panel in this appeal.

*3 [7] The Court of Appeals has made it

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----                                                                                                     Page 4

--- B.R. ----, 2005 WL 1667383
**(Cite as: --- B.R. ----)**

abundantly clear that failure to brief an argument constitutes a waiver for purposes of appeal. *See, e.g., Tower v. Leslie-Brown,* 326 F.3d 290, 299 (1st Cir.2003) ; *Oritz v. Gaston County Dyeing Mach. Co.,* 277 F.3d 594, 598 (1st Cir.2002) ; *Gosselin v. Massachusetts,* 276 F.3d 70, 72 (1st Cir.2002) ; *Garcia-Ayala v. Lederle Parenterals, Inc.,* 212 F.3d 638, 645 (1st Cir.2000) ; *Piazza v. Aponte Roque,* 909 F.2d 35, 37 (1st Cir.1990). Since Mountain Peaks' brief did not address any of the bankruptcy court's rulings on the lien avoidance issue, that argument is waived.

[8] Even if we were to overlook Mountain Peaks' failure to address the lien avoidance issue, we are unable to review the bankruptcy court's lien avoidance order due to Mountain Peaks' failure to provide an adequate appellate record. Although Mountain Peaks has supplied the Panel with a copy of the lien avoidance order, that document simply states that the motion is granted. Without a transcript of the relevant proceedings below, there is no way for this Panel to review the bankruptcy court's findings or rulings relating to the lien avoidance issue. *See Ramirez v. Puerto Rico Fire Serv.,* 757 F.2d 1357, 1358 (1st Cir.1985) ("Where an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the [trial] court, this circuit has repeatedly held that we will not review the allegations"). It is not the duty of this Panel to develop Mountain Peak's arguments for it, find the legal authority to support those arguments, or guess as to the contents of the record. *See Morrissey v. Stuteville (In re Morrissey),* 349 F.3d 1187, 1189 (9th Cir.2003). At the very least, Mountain Peaks is required to demonstrate a reasonable basis for reversing the trial court and entering judgment in its favor. Because Mountain Peaks has not even begun to meet that requirement, we are unable to consider whether the bankruptcy court's rulings were erroneous.

II. Mootness.

[9] It is now clear that Mountain Peaks is attempting to use this appeal as a vehicle to challenge the confirmation of the Debtors' plan. Not only is this an impermissible way to argue against confirmation, but more importantly, Mountain Peaks has waived any appeal of the confirmation order.

[10] [11] Pursuant to § 1327(a), the provisions of a confirmed plan "bind the debtor and the creditor, ... whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Thus, the provisions of a confirmed plan bind the debtor and *each* creditor. *See* § 1327(a). " Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality." *See Factors Funding Co. v. Fili (In re Fili),* 257 B.R. 370, 373 (B.A.P. 1st Cir.2001) (citations omitted). The First Circuit has noted that § 1327 and § 1330 accord significant finality to confirmation orders in Chapter 13 cases. *See Barbosa v. Soloman (In re Barbosa),* 235 F.3d 31 (1st Cir.2000).

*4 As noted above, Mountain Peaks was not irreparably harmed by the dismissal of the portion of this appeal relating to the objection order, because if the bankruptcy court ultimately confirmed the Debtors' plan, Mountain Peaks could then appeal the decision on the merits. While the Debtors' Chapter 13 plan provided for avoidance of its lien, Mountain Peaks' failure to appeal renders the confirmation order res judicata. Therefore, Mountain Peaks' arguments regarding the feasability of the plan are moot.

CONCLUSION

For the reasons discussed above, the decision of the bankruptcy court is AFFIRMED. In addition, costs are assessed against Mountain Peaks. *See* Fed. R. Bankr.P. 8014 ("Except as otherwise provided by law, agreed to by the parties or ordered by the district court or bankruptcy appellate panel, costs shall be taxed against the losing party on appeal.").

FN1. The Panel ruled that the objection order was interlocutory since it did not result in confirmation of the plan, nor had the plan been confirmed by any other

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----                                                                  Page 5
--- B.R. ----, 2005 WL 1667383
**(Cite as: --- B.R. ----)**

order. *See Bank of New England,* 218 B.R. at 646. The Panel also concluded that Mountain Peaks was not irreparably harmed by dismissal of that portion of the appeal because if the bankruptcy court ultimately confirmed the First Amended Plan, Mountain Peaks could then appeal that ruling on the merits. Approximately one month later, on January 31, 2005, the bankruptcy court entered an order confirming the Debtors' First Amended Plan. However, Mountain Peaks failed to appeal that order, which is final and now unappealable.

FN2. At oral argument, counsel for Mountain Peaks suggested that its failure to file a notice of appeal regarding the confirmation order was simply a "procedural defect," and that the Panel should "exercise its § 105 authority" as the basis for entertaining the appeal. The timely filing of a notice of appeal is mandatory and jurisdictional. *See Johnson v. Teamsters Local 559,* 102 F.3d 21, 28 (1st Cir.1996). Therefore, if a party does not timely file a notice of appeal, the Panel has no jurisdiction over the appeal. *See Colomba v. Solomon (In re Colomba),* 257 B.R. 368, 369 (B.A.P. 1st Cir.2001).

1st Cir.BAP (Mass.),2005.
In re Shepard
--- B.R. ----, 2005 WL 1667383

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.