```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF DELAWARE


IN RE:                          )
                                )     Chapter 11
    THE IT GROUP, INC.,         )
et al.,                         )     Case No. 02-10118
                                )
        Debtors.                )     (MFW) (Jointly Administered)
_____

STATE OF NEW JERSEY             )
DEPARTMENT OF ENVIRONMENTAL     )     CIVIL ACTION NO. 05-CV-005
PROTECTION,                     )
                                )
        Appellant,              )
                                )
v.                              )
                                )
THE IT LITIGATION TRUST,        )
Successor to the Debtors.       )
                                )
        Appellee.               )
```

REPLY BRIEF OF APPELLANT STATE OF NEW JERSEY,
DEPARTMENT OF ENVIRONMENTAL PROTECTION

                                  PETER C. HARVEY
                                  ATTORNEY GENERAL OF NEW JERSEY
                                  R.J. Hughes Justice Complex
                                  P.O. Box 093
                                  Trenton, New Jersey 08625
                                  (609) 984-7147

                                  STUART DROWOS, Bar ID #427
                                  Local Counsel for NJDEP
Kathrine M. Hunt                  Delaware Division of Revenue
Deputy Attorney General          Carvel Building, 8th Floor
Admitted Pro Hac Vice            820 N. French Street
On the Brief                        Wilmington, DE 09801

**TABLE OF CONTENTS**

<u>Argument</u>                                                                                                   **PAGE**

DEP DOES NOT HAVE A CLAIM WITHIN THE MEANING OF THE
BANKRUPTCY CODE OR THE PLAN INJUNCTION..........................1

    A.   The Appellee Has an Ongoing
        Regulatory Obligation to Correct
        Continuing Harm to the Environment
        as a Result of the Loss of 19
        Acres of Freshwater Wetlands....................1

    B.   The DEP Does Not Have a Right to Payment
        From the Appellee..............................3

CASES CITED

<u>Hagaman v. State of New Jersey</u>,
  151 B.R. 696 (D.N.J. 1993), 1993 U.S. Dist. Lexis 21422.......7

<u>In re Chateaugay</u>, 944 <u>F</u>.2d
  997, (2d Cir. 1991).........................................7

<u>Matter of Commonwealth Oil Refining Co</u>., 805
  <u>F</u>.2d 1175,(5th Cir. 1986), <u>cert</u>. <u>denied</u>, 483
  <u>U.S</u>. 1005 (1997)......................................... 6,7

<u>Ohio v. Kovacs</u>, 469 <u>U.S</u>. 274 (1985)........................... 3

<u>Penn Terra Ltd. v. Dept. of Environmental Resources</u>,
  733 <u>F</u>.2d 267 (3d Cir. 1984)................................4

<u>Torwico Electronics, Inc. v. State of New Jersey</u>,
  8 <u>F</u>.3d 146 (3d Cir. 1993)................................6, 7

<u>United States v. Production Plated Plastics, Inc</u>.,
  762 <u>F.Supp</u>. 722 (W.D.Mich. 1991), <u>aff'd</u> 955 <u>F</u>.2d 45
  (6th Cir. 1992), <u>cert</u>. <u>den</u>., 506 <u>U.S</u>. 820, 113 <u>S.Ct</u>.67,
  121 <u>L.Ed</u>. 2d 34 (1992). . . . . . . . . . . . . . . . . .    2

## STATUTES CITED

N.J.S.A. 13:1D-9(e) . . . . . . . . . . . . . . . . . . .   1

N.J.S.A. 13:9B-21      . . . . . . . . . . . . . . . . . . 1, 2, 4

N.J.S.A. 13:9B-21(b) . . . . . . . . . . . . . . . . . . 2, 4, 6

N.J.S.A. 13:9B-21(c)(3) . . . . . . . . . . . . . . . . .  5

N.J.S.A. 13:9B-21(c)(5) . . . . . . . . . . . . . . . . .  5

## REGULATIONS CITED

N.J.A.C. 7:7A-15.2(b)........................................3

N.J.A.C. 7:7A-15.6(d)........................................3

N.J.A.C. 7:7A-15.6(f) . . . . . . . . . . . . . . . . . .5

N.J.A.C. 7:7A-16.4(a)(5) . . . . . . . . . . . . . . . . . 5

ARGUMENT

DEP DOES NOT HAVE A CLAIM WITHIN THE MEANING OF THE BANKRUPTCY CODE OR THE PLAN INJUNCTION

A. The Appellee Has an Ongoing Regulatory Obligation to Correct Continuing Harm to the Environment as a Result of the Loss of 19 Acres of Freshwater Wetlands And It is Irrelevant That Harm Occurred Pre-Petition

In its answering brief, the appellee contends that since the drainage of wetlands occurred pre-petition, the State has a "claim" that can be discharged in bankruptcy. Appellee's contention is fundamentally flawed. What is at issue in this case is State regulatory action addressing what the State Legislature has recognized as a continuing harm. Although the wetlands were drained prior to appellee's bankruptcy filing, the harm to the ecological balance caused by the loss of 19 acres of wetlands continues unabated. Unless the functions and values of those wetlands are restored, the State will continue to suffer environmental harm in the future.

The State does not need to present evidence of the nature and extent of this harm to demand injunctive relief, as appellee contends. When injunctive relief is sought by a government unit statutorily authorized to seek injunctive relief as the Department is by its enabling statute, N.J.S.A. 13:1D-9(e), as well as the FWPA, N.J.S.A. 13:9B-21, it is not necessary for the government to show irreparable harm or that equities favor the grant of relief before an injunction can issue. United States v. Production Plated Plastics, Inc.,762 F.Supp. 722 (W.D.Mich. 1991), aff'd 955 F.2d 45 (6th Cir. 1992), cert. den., 506 U.S. 820, 113 S.Ct.67, 121 L.Ed. 2d 34 (1992). It is enough to show that the law is being violated.

Furthermore, by enacting the FWPA, the New Jersey Legislature officially recognized the importance of functioning wetlands to the health of the State's ecology, and the harm that flows from their loss[1]. Thus, upon finding a violation, the Commissioner may require restoration of the freshwater wetlands where the violation occurred. N.J.S.A. 13:9B-21(b). The express terms of the FWPA do not require that the DEP prove actual harm to the environment in order to obtain restoration or mitigation. See N.J.S.A. 13:9B-21. It is the mere violation of the FWPA that entitles DEP to that remedy, since the importance of freshwater wetlands and the harm flowing from their loss are legislative determinations embedded in the enactment.

The Commissioner is also authorized to require mitigation to compensate for harm to freshwater wetlands resulting from violations of the FWPA. N.J.A.C. 7:7A-15.2(b). If on-site restoration is not feasible, as the Department determined in appellee's case, off-site restoration may be demanded. N.J.A.C. 7:7A-15.6(d).

---

[1] The vital importance of functioning wetlands is highlighted in the wake of the devastation left by Hurricane Katrina. An editorial in the New York Times today pondered "why were developers permitted to destroy wetlands and barrier islands that could have held back the hurricane's surge?" Waiting for a Leader, N.Y. Times, September 1, 2005, at A22.

- 3 -

Indeed, the fundamental purpose of the FWPA is to preserve existing wetlands and restore the functions and values of improperly lost wetlands. There is a State legislative determination that, until the wetlands in this and any other such case are restored, the State will continue to suffer harm as the result of the destruction of an important natural resource. As we argued in our merits brief, bankruptcy law supports a State's right to take regulatory action, and this Court should not permit appellee to color the State's right as a mere "claim" in order to avoid its regulatory responsibilities to the environment.

    B.    The DEP Does Not Have a Right to Payment from the Appellee

The Appellee cites to Ohio v. Kovacs, 469 U.S. 274 (1985) to support its argument that the State is asserting a claim because the Trust cannot render performance other than by payment of money. A decisive fact in the U.S. Supreme Court's decision Kovacs, however, was that the State of Ohio was seeking only the payment of money from Kovacs, not remedial relief. The Supreme Court in Kovacs emphasized that it was "not question[ing] that anyone in possession of the site ... must comply with the environmental laws of the State of Ohio." Id. at 285.

- 4 -

Moreover, it is settled law that the fact that a debtor may need to expend money to comply with an injunction does not render the injunction a dischargeable claim. In the Third Circuit's decision in Penn Terra Ltd. v. Dept. of Environmental Resources, 733 F.2d 267 (3d Cir. 1984), the Court noted that "in contemporary times, almost everything costs something. An injunction which does not compel some expenditure or loss of monies may often be an effective nullity." Id. at 277.

The appellee also argues that the State could have reduced the relief requested to a sum certain. Under the FWPA, however, the State does not have the authority to restore wetlands and then seek reimbursement of its costs from a violator. See N.J.S.A. 13:9B-21. In issuing an administrative order, as the DEP did here, the Commissioner may require compliance with the provision violated, and order the violator to restore the site of the violation. N.J.S.A. 13:9B-21(b). In a civil action in State Superior Court, the State may assess "costs in removing, correcting or terminating the adverse effects upon the freshwater wetland resulting from any unauthorized activity." N.J.S.A. 13:9B-21(c)(3). Also in a Superior Court action, the State may seek a requirement that the "violator restore the site of the violation to the maximum

extent practicable and feasible." N.J.S.A. 13:9B-21(c)(5).[2] The Legislature purposely distinguished between costs relating to the termination of adverse effects upon wetlands, and imposing an obligation on the violator to restore wetlands. In this case, the Department did not proceed with an action in Superior Court under N.J.S.A. 13:9B-21(c)(3) because there was no need to correct a condition on the property that was further draining or degrading remaining wetlands. Rather, the Department determined that the best course was to initiate an administrative action to directly place the burden of restoration of the functions and values of lost wetlands on the violator, pursuant to N.J.S.A. 13:9B-21(b).

In Torwico Electronics, Inc. v. State of New Jersey, 8 F.3d 146 (3d Cir. 1993), the Third Circuit noted: "[t]hat the State may have had alternative means at its disposal to end the ongoing threat does not convert its statutory authority into a

---

[2] Pursuant to the regulations implementing the FWPA, if, in a Superior Court action, a violator does not comply with a requirement to restore a site, "the Department may take corrective action, and will assess the violator pursuant to this chapter." N.J.A.C. 7:7A-16.4(a)(5). Thus, the Department's ability to assess costs for restoration work is only available after a violator defaults on its primary obligation to restore wetlands. Similarly, under the mitigation regulations cited by appellee, the Department may accept a monetary contribution in lieu of actual wetlands mitigation only after it has determined that several options that will more directly result in effective mitigation of the wetlands losses are not feasible. N.J.A.C. 7:7A-15.6(f).

'right to payment'". Id. at 151; emphasis added. The Court further noted that Torwico had an obligation to ameliorate ongoing pollution and had "no option to pay for the right to allow its wastes to continue to seep into the environment." Ibid. Likewise, in this case, appellee has no option available to pay for the right to continue to cause the harm to the environment resulting from the loss of the functions and values of its 19 acres of freshwater wetlands. On the contrary, the State properly exercised its statutory authority to require Landbank to mitigate for the loss of wetlands.

Appellee argues that the State's request for mitigation of the lost wetlands is hardly a compelling state interest sufficient to outweigh the rights and interests of the debtors and its creditors. The State's right to exercise its police power is not limited to cases where there is imminent and identifiable harm to the public health and safety. Matter of Commonwealth Oil Refining Co., 805 F.2d 1175, 1186 (5th Cir. 1986), cert. denied, 483 U.S. 1005 (1997), Hagaman v. State of New Jersey, 151 B.R. 696, ___ (D.N.J. 1993), 1993 U.S. Dist. Lexis 21422, 7. Indeed, the State has an obvious public interest under the FWPA to ensure that the on-going harm to the environment from the loss of vital wetlands is corrected. As reflected in the regulatory powers established in the FWPA, the

- 7 -

State's interest in correcting continuing damage to the environment under the FWPA is no less compelling than the government's interest in stopping ongoing pollution.  See Torwico Electronics, Inc. v.  State of New Jersey, 8 F.3d 146 (3d Cir. 1993), In re Chateaugay, 944 F.2d 997, (2d Cir. 1991), Matter of Commonwealth Oil Refining Co., 805 F.2d 1175, 1186 (5th Cir. 1986), cert. denied, 483 U.S. 1005 (1997).

For the foregoing reasons, the State of New Jersey does not have a "claim" subject to the debtors' plan injunction, but, rather, is engaged in a regulatory action that cannot be stayed without doing violence to the bankruptcy law's clear intent to permit such crucial activities to continue notwithstanding the offender's status as a debtor. Accordingly, the Bankruptcy Court's December 6, 2004 Order should be reversed, allowing the State to proceed with its administrative action pursuant to its regulatory police powers.

>   Respectfully submitted,
>
>   PETER C. HARVEY
>   ATTORNEY GENERAL OF NEW JERSEY
>
>
>   By: /s/ Kathrine Motley Hunt
>   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
>       Kathrine Motley Hunt
>       Deputy Attorney General
>       Admitted pro hac vice
>
>
>   By: /s/ Stuart Drowos
>   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
>       Stuart Drowos, Bar ID #427
>       Local Counsel for NJDEP
>       Delaware Division of Revenue
>       Carvel Building, 8th Floor
>       820 N. French Street
>       Wilmington, DE 09801

<u>Certificate of Mailing and/or Delivery</u>

I hereby certify that on September 1, 2005, the State of New Jersey's Environmental Protection Unit electronically filed a Reply Brief with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Jeffrey M. Schlerf, Esq., and Eric M. Sutty, Esq.

PETER C. HARVEY

ATTORNEY GENERAL OF NEW JERSEY

By: <u>/s/ Kathrine Motley Hunt</u>
    Kathrine Motley Hunt
    Deputy Attorney General
    Admitted <u>pro</u> <u>hac</u> <u>vice</u>

By: <u>/s/ Stuart Drowos</u>
    Stuart Drowos, Bar ID #427
    Local Counsel for NJDEP
    Delaware Division of Revenue
    Carvel Building, 8th Floor
    820 N. French Street
    Wilmington, DE 19801
    (302) 577-8400
    stuart.drowos@state.de.us